IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01791-MEH

LAWRENCE HAMPTON,

    Plaintiff,

v.

NOVA CASUALTY COMPANY,

    Defendant.

_____

**SCHEDULING ORDER**
_____

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

| <u>Attorney for Plaintiff Lawrence Hampton</u> | <u>Attorney for Defendant Nova Casualty Company</u> |
|---|---|
| W. Dan Mahoney<br>The Law Offices of W. Dan Mahoney<br>1050 17th Street, Suite 1750<br>Denver, CO  80265<br>Telephone: 303-407-0484<br>dan@mahoneylaw.net | Erin K. Young<br>Hall & Evans, LLC<br>1001 17th Street, Suite 300<br>Denver, CO  80202<br>Telephone: 303-628-3300<br>younge@hallevans.com |

**2. STATEMENT OF JURISDICTION**

Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. §1332(a).

**3. STATEMENT OF CLAIMS AND DEFENSES**

    A.    <u>PLAINTIFF LAWRENCE HAMPTON</u>

1. On February 17, 2012, at approximately 12:15 a.m Plaintiff was driving his 2003 Chevrolet tow truck/work vehicle, and was pulled over on the #4 lane of Highway I-25

S near University Boulevard with warning lights illuminated, changing a customer's tire.

2. Shortly thereafter, Georgos Reger, driving a 2000 Lexus RX300 headed south on Highway I-25 S in lane #4 at an unknown speed.  Reger failed to move over and smashed into Plaintiff's tow truck in the front driver's side. Officer Nathan M. Sanchez, Denver Police Department, responded to the scene of the accident and determined that Defendant had engaged in careless driving and was under the influence of drugs and/or alcohol.

3. As a result of the collision, Plaintiff the was hit by his tow truck and slammed into a K-rail whereupon he then sustained injuries to his lower back and left lower extremities that have required treatment, including injections and rhizotomies, and the possibility of future surgery on his back.

4. At the time of the incident Defendant Nova Casualty Company ("Nova), pursuant to policy number TIPCL00110910, provided uninsured/underinsured motorist coverage for the Ace towing truck Plaintiff had been driving. As the driver of the tow truck Plaintiff is entitled to coverage under this policy for his injuries and damages.

5. Pursuant to the provisions in F.R.C.P. 57 and 28 U.S.C. §§ 2201-2202, Plaintiff requests this Court to determine his rights under said automobile insurance contract. Specifically, Plaintiff requests this Court to determine the amount of his damages caused by Reger's conduct and the collision and then enter judgment for the same against Nova pursuant to the underinsured motorist coverage.

B.    DEFENDANT NOVA CASUALTY COMPANY

In addition to a general denial of Plaintiff's allegations and the affirmative defenses submitted by Defendant in its Answer, Defendant also submits the following statement:

Plaintiff has not provided sufficient support for his demand on UM/UIM benefits. As such, Defendant states that Plaintiff's claims may be barred or reduced due to supervening or intervening causes; he may have failed to mitigate his damages; he may have been comparatively negligent in the incident; and he may have failed to comply with all terms of the insurance policy.

### 4. UNDISPUTED FACTS

The parties agree that the following facts are undisputed:

1. Nova provided insurance for Ace Towing Enterprises, Inc. pursuant to policy #TIP-CL-0011091-0 for the policy period of December 31, 2011 through December 31, 2012 (the "Policy").  The Policy included uninsured/underinsured motorist coverage pursuant to the endorsement at NOVA 174.

2. Reger had liability auto insurance provided by Geico for the State of Colorado minimum limit of $25,000. In an exchange for the release of Reger, Geico tendered the policy limit to Plaintiff.

3. On July 17, 2013, counsel for Plaintiff sent a letter to Nova's third-party administrator, TCS-One, in which it was notified of Geico's $25,000 offer to settle Plaintiff's claims and those of the subrogated workers' compensation carrier Pinnacol.

4. On August 27, 2013, Nova, through its TPA, TCS-One, confirmed via email that it did not object to Plaintiff accepting the policy-limits offer from Geico.

### 5.   COMPUTATION OF DAMAGES

A.   PLAINTIFF LAWRENCE HAMPTON: Medical expenses incurred to date for treatment of related injuries of $45,856, past and future lost wages to be determined, an amount to compensate for non-economic damages for physical and mental pain and suffering, emotional stress, inconvenience and loss of enjoyment of life and an amount to compensate for physical impairment which incudes 8% whole person permanent impairment as determined by the AMA 3rd guide.

B.   DEFENDANT NOVA CASUALTY COMPANY: Defendant does not seek damages at this time, but will seek attorneys' fees and costs as permitted by law.

### 6.   REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(F)

a.   Date of Rule 26(f) Meeting:  The parties conferred regarding the matters required by Rule 26(f) on July 30, 2014, in person.

b.   Names of each participant and who represented:  W. Dan Mahoney for the Plaintiff; Erin K. Young for Defendant Nova Casualty Company.

c.   Pursuant to 26(a)(1)(C), the parties stipulate that Rule 26(a)(1) Disclosures will be made on or before August 13, 2014.

d.   There are no proposed changes in timing or requirement of disclosures under Rule 26(a)(1).

  e. The parties have discussed and will continue to discuss the potential for informal discovery. No agreements have been reached at this time.

  f. The parties have discussed procedures to reduce discovery and other litigation costs, and will so notify the Court if any procedures are agreed upon in the future.

  g. The parties do not anticipate that any of the discovery in this matter will involve electronically stored information. However, if it does, the parties will work cooperatively to facilitate discovery of relevant information and thereby reduce the costs associated with the same.

  h. The parties have been in ongoing settlement discussions and will continue to discuss settlement as the case progresses. The parties will arrange mediation with either a United States Magistrate Judge or a third-party mediator.

## 7. CONSENT

The parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

  a. The parties do not propose any modifications to the presumptive numbers of depositions or interrogatories contained in the Federal Rules. Each side shall be limited to 10 depositions, including experts, and 25 interrogatories.

  b. The parties do not propose any limitations on the length of depositions. Depositions shall not exceed 7 hours, without prior agreement or absent leave of court.

    c.    The parties do not see a present need to exceed the presumptive limitations for written discovery.  Each side shall be limited to 25 requests for admission, 25 interrogatories and 25 requests for production.

    d.    None at this time.

### 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:

As no discovery has occurred in this matter, there remains a potential that one or both parties will seek to join other parties or amend pleadings, as otherwise normally anticipated under Rule 15.  Therefore, the deadline for joinder of other parties and to amend pleadings will be September 30, 2014.

    b.    Discovery Cut-off:   January 30, 2015

    c.    Dispositive Motion Deadline:   February 27, 2015

    d.    Expert Witness Disclosure:

    1.    The parties have not yet determined the fields of expertise for any potential experts, but believe Plaintiff's treating physicians will be included.

    2.    The parties have not determined a limit to the number or use of expert witnesses.

    3.    The parties have agreed to a staggered schedule for expert disclosures.  Plaintiff shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 3, 2014.  Defendant shall designate all experts and provide opposing

counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 3, 2014.

        4.      Plaintiff shall designate her rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 17, 2014.

    e.    Identification of Persons to be Deposed:

| Name | Date/Time | Estimated Length |
| --- | --- | --- |
| Lawrence Hampton | TBD | 7 hours |
| Plaintiff's treating physicians (unknown) | TBD | 7 hours |
| Any disclosed experts | TBD | 7 hours |

The parties reserve the right to depose any other individuals, entities or employees that may be determined at a later time during discovery or for rebuttal.

    f.    Deadline for Interrogatories:  Thirty-three days before the discovery cut-off.

    g.    Deadline for Requests for Production and/or Admission:  Thirty-three days before the discovery cut-off.

### 10.    DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times: _____.

    b.    A final pretrial conference will be held in this case on April 20, 2015 at 10:00 o'clock a.m.  A Final Pretrial Order shall be presented by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.  There are no other discovery matters upon which counsel disagree at present.

b.  The parties anticipate a 3 day trial to a jury.

c.  The parties do not believe any pretrial proceedings will be more efficiently or economically conducted the District Court's other facilities.

## 12. NOTICE TO COUNSEL AND *PRO SE* PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be amended only upon a showing of good cause.

Dated this 3rd day of September, 2014.

                                                                 BY THE COURT:

                                                                  S/Michael E. Hegarty

                                                                  United States Magistrate Judge

10

**APPROVED BY THE PARTIES:**

Attorneys for Plaintiff:

s/ Dan Mahoney
W. Dan Mahoney
The Law Offices of W. Dan Mahoney
1050 17th Street, Suite 1750
Denver, CO  80265
Telephone: 303-407-0484
dan@mahoneylaw.net

Attorneys for Defendant:

s/ Erin K. Young
Erin K. Young
Lisa F. Mickley
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, CO  80202
Telephone: (303) 628-3300
younge@hallevans.com
mickleyl@hallevans.com